**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**GARY BALES**                                                                                                    **PLAINTIFF**

**V.**                                                       **CAUSE NO. 3:15-CV-790-CWR-LRA**

**HARTFORD LIFE & ACCIDENT INS. CO.**                                       **DEFENDANT**

**ORDER**

The parties have filed cross-motions for summary judgment. On review, the plaintiff's motion will be denied and the defendant's motion will be granted.

**I.    Background**

Six months after commencing employment at Weyerhaeuser, Gary Bales became unable to work and sought the benefit of his company's disability policies. Short-term disability benefits were provided; long-term disability benefits were denied. Aggrieved, Bales filed this lawsuit against the disability insurer, Hartford. The present motions followed.

**II.    Legal Standard**

> A plan administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial. We reach a finding of abuse of discretion only where the plan administrator acted arbitrarily or capriciously. A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence. Our review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness—even if on the low end.

*Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246-47 (5th Cir. 2009) (quotation marks and citations omitted).

**III.    Discussion**

The insurance policy reads, in relevant part:

> **Pre-Existing Conditions Limitation:** *Are benefits limited for Pre-existing Conditions?*
>
> We will not pay any benefit under The Policy for any Disability that results from, or is caused or contributed to by, a Preexisting Condition, unless, at the time You become Disabled:
> 1) You have not received Medical Care for the condition for 90 consecutive day(s) while insured under The Policy; or
> 2) You have been continuously insured under The Policy for 365 consecutive day(s).
>
> **Pre-existing Condition** means:
> 1) any accidental bodily injury, sickness, Mental Illness, pregnancy, or episode of Substance Abuse; or
> 2) any manifestations, symptoms, findings, or aggravations related to or resulting from such accidental bodily injury, sickness, Mental Illness, pregnancy, or Substance Abuse;
>
> for which You received Medical Care during the 90 day(s) period that ends the day before:
> 1) Your effective date of coverage; or
> 2) the effective date of a Change in Coverage.

Docket No. 32-2 at 25.

Bales became unable to work in early August 2013. Prior to that date, he suffered from long-term back pain, was prescribed medication to treat "back pain," and filled that prescription three times during the relevant 90-day lookback period. Hartford therefore had ample reason to conclude that Bales suffered from a preexisting condition it called "back pain." Hartford denied benefits based on that condition.

Bales sees it differently. To him, the ongoing back pain was different from the "new problem" he experienced in August 2013. He describes his disabling injury as "disc rupture causing spinal and neuroforaminal stenosis that led to radiculopathy that manifested as severe and intractable left hip and leg pain." Docket No. 36 at 1.

The difficulty of this case lies in the fact that the parties' positions are not mutually exclusive. The record describes Bales' condition as, at least in part, "spondylosis," a common

degenerative condition of the spine. Docket No. 31 at 2 (citing A.R. 218); *see also* STEDMAN'S MEDICAL DICTIONARY 1813 (28th ed. 2006). It is entirely plausible that during the first half of 2013, Bales treated the symptoms of this condition, which progressed and deteriorated sharply in August 2013 when he sustained a ruptured disc and the pain because too acute to work.

Bales presses that he should receive disability benefits because the ruptured disc was new, not preexisting. "Hartford had no evidence before it that Plaintiff was suffering a ruptured disc in the 90 days before the LTD policy was effective," he argues. Docket No. 31 at 6. That may be true, but it misses the nature of degenerative diseases. More importantly, it is not the standard applicable to this policy.

The policy asks whether the claimant was treating a "manifestation" or "symptom . . . related to" the disabling condition. Here, Hartford had more than enough evidence to conclude that the back pain Bales suffered during the 90-day lookback period was a "manifestation" or "symptom . . . related to" the degeneration and the disc rupture, and fell within the policy definition of "preexisting condition." The treatment of that pain rendered Bales ineligible for long-term disability benefits.

The Court has considered Hartford's various supporting authorities. *E.g.*, *Taylor v. Unum Life Ins. Co. of Am.*, No. 3:11-CV-2602-N, 2013 WL 12250344, at *3 (N.D. Tex. Feb. 20, 2013). Bales has not challenged them or provided authorities supporting his own interpretation of the policy. Given the evidence, broad policy language, and generous legal standard, therefore, the Court will grant Hartford's motion for summary judgment.

A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 24th day of January, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE